## Case No. 16,354.
### UNITED STATES v. SOTO.
[1 Cal. Law J. 328.]

District Court, N. D. California. 1863.

MEXICAN LAND GRANTS — LOCATION OF BOUND-
ARIES.

[A junior grantee has no right to insist that his land shall be surveyed so as to overlap an older grant for which a patent has been issued by the United States where the land patented lies within the exterior boundaries of the senior grant as shown by the diseño thereof; and especially where the junior grantee, without such overlapping, will obtain the full quantity granted by the former government.]

[Claim of Barbara Soto for the Rancho San Lorenzo, in Alameda county. The decision of the board of land commissioners confirming the claim was affirmed at the December term, 1856. See Case No. 16,357. The cause is now heard on objections to the survey.]

OPINION OF THE COURT. The principal objections now made by the United States to the official survey were urged on a former occasion to this court, when the cause was before it on appeal from the board of land commissioners. They were then elaborately argued and fully considered, and a decree was entered declaring the boundaries of the tract confirmed, as seemed to the court to be just. The exceptions filed by the United States seek to reopen the controversy thus settled and determined. It is enough to say that, independently of the fact that the matter may well be deemed "res adjudicata," I have seen no reason to doubt the entire correctness of the opinion heretofore delivered by this court. The location of the eastern line of the official survey is also objected to; but the location of this line was in like manner discussed in the opinion heretofore delivered, and fixed by the decree. Even if the question were still open, I confess myself unable to discover even plausibility in the objection taken by the United States. The grant and diseño of Soto appear to have embraced a tract extending from the San Lorenzo to the Alto creeks, and from the beach to the cuchilla, or crest of the hills, "excepting the number of varas granted to Castro in said lands." The grant to Castro for his rancho of six leagues was subsequently issued. His land is described as bounded "by the rancho of Soto on the side next the main road from the Arroyo del Alto to that of San Lorenzo, the said Soto having been considered the owner of that part next the beach." The main road referred to runs from one brook to the other across the plain from north to south, and at no great distance from the base of the hills. From the language of Castro's grant he might well have contended that his western line was to run along the road, and that Soto's land was to lie to the west, and between the road and the beach. But Soto's grant, which was prior in date, embraced the land from the beach to the cuchilla, or crest of the hills, excepting a few hundred varas already granted to Castro. A dispute, therefore, naturally arose, which, on the complaint of Soto that Castro was encroaching on the plain, was settled by the parties in the presence of and with the sanction of the governor. The boundary thus settled is thus described: "Commencing at the sanjon, or rivulet, where it is parallel with the southern side of Castro's house, measuring 600 varas towards the main road and from their point of termination, taking a straight line to the Arroyo de San Lorenzo, and recognizing, for the boundaries on the other side of the rivulet, the margin, or base, (orilla) of the hills; measuring ten varas up on the hills." The rivulet referred to is a small stream from the hills and flowing in a westerly direction into the plain. On its northerly side is the house of Castro, and on the southerly that of Soto. These houses are nearly in the same straight line. The rivulet is about midway between the Alto and the San Lorenzo. As a line run along the base of the hills would barely include Soto's house within his grant, and barely exclude that of Castro, it seems to have been agreed that from the rivulet, where it is parallel with the southern side of Castro's house, a line 600 varas long, towards the west, or in the direction of the road, should be run, and thence to the San Lorenzo. The house of Castro would thus be left more than 600 varas within, or to the east of, his boundary. The remaining or southern portion of the line, namely, that "on the other side of the rivulet," was to be run near the base of the hills, but 10 varas up on their side, in order that the house of Soto might be at least that distance within his boundary.

Such seems to me the clear and unmistakable meaning of the agreement made by the parties; and on no other supposition could it have effected its object, viz. the adjustment of a dispute between the parties as to the line constituting the eastern boundary of one and the western boundary of the other. The testimony of the neighbors, particularly that of Guillermo Castro, "shows," as observed in the former opinion of this court, "that the location as determined from the description in this agreement differs in no respect from the line as understood and recognized by the parties themselves and their neighbors." The official survey has followed this line, and, in my opinion, should not be disturbed. It is objected on the part of the claimant that the southern line, as surveyed, does not conform to the line passing from the Alto through the rodeo to the beach, as described in the grant and decree. The line of the official survey has followed the boundary of the rancho of Vallejo, the claimant's colindante on the south, as established by an official survey which has been finally approved, and which has been embodied in

a patent. The grant to Vallejo is the elder. His northern line as laid down on the diseño is indicated by an inscription on it of its magnetic course. This line has been followed in the survey, and patent issued to him. It is unnecessary to consider how far the patent thus issued to his neighbor would be conclusive on the claimant, if the grant to the latter were the elder of the two, and if the location of Vallejo were evidently beyond the limits of his grant. For in this case the grant to Vallejo is the elder, and the land patented to him is evidently within his exterior boundaries, as shown by his diseño.

I think, therefore, that the younger grantee has no right to insist that his land shall be surveyed so as to overlap his neighbor, and that the location of the dividing line between by the proper authorities of the United States is final and conclusive on both parties; more especially as there is already included in the lands surveyed to Soto the full quantity of one league and a half, granted to him by the former government. By a stipulation filed in this case, and signed by the claimants and intervenors herein, and by Guillermo Castro, it is agreed that a slight modification of the dividing line between the ranchos, as established by the official survey, shall be made. The United States have no interest in the question. A decree will therefore be entered, approving the official survey, with the modification thus assented to by the parties.